IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GERALD W. ARNOLD, : | |
|     Plaintiff, : | |
| : | CIVIL ACTION NO. |
| v. : | 1:20-CV-404-AT |
| : | |
| CLAYTON COUNTY JAIL, : | |
|     Defendant. : | |

**ORDER**

Presently before the Court is the Magistrate Judge's Report and Recommendation (R&R) recommending that the instant action be dismissed. [Doc. 17]. Plaintiff has filed his objections in response to the R&R. [Doc. 20].

A district judge has broad discretion to accept, reject, or modify a magistrate judge's proposed findings and recommendations. United States v. Raddatz, 447 U.S. 667, 680 (1980). Pursuant to 28 U.S.C. § 636(b)(1), the Court reviews any portion of the Report and Recommendation that is the subject of a proper objection on a *de novo* basis and any non-objected portion under a "clearly erroneous" standard. "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988).

AO 72A
(Rev.8/82)

Plaintiff's initial complaint in this action raised claims regarding conditions at the Clayton County Jail and the manner in which inmates are treated, but his claims were very general in nature and did not relate specifically to him. Plaintiff also failed to pay the Court's filing fee or submit an application to proceed *in forma pauperis*. On February 13, 2020, the Magistrate Judge ordered Plaintiff, within thirty days, to (1) amend his complaint by completing one of the Court's 42 U.S.C. § 1983 prisoner complaint forms, and (2) either pay the filing fee or submit an *in forma pauperis* affidavit. [Doc. 2]. On March 27, 2020, after Plaintiff failed to timely respond to that order, the Magistrate Judge issued an R&R in which he recommended that the complaint be dismissed for Plaintiff's failure to comply with a lawful order of the Court pursuant to this Court's Local Rule 41.3(A)(2).

Based on his objections, [Doc. 9], this Court afforded Plaintiff one last opportunity to comply with the Magistrate Judge's prior order. [Doc. 10 at 3]. Specifically, this Court ordered Plaintiff, within thirty (30) days, to (1) complete and submit a § 1983 complaint, and (2) either (a) pay the $350.00 filing fee and $50.00 administrative fee, or (b) complete and submit a prisoner application for leave to proceed in forma pauperis. [Id.] This Court also gave Plaintiff the following instruction: "If jail officials refuse to complete the portion of the form requiring information regarding the balance in Plaintiff's inmate account, Plaintiff should

include a sworn statement, under penalty of perjury, on the form stating that fact." [Id.].

In response, Plaintiff submitted a § 1983 complaint, but he failed to execute it under penalty of perjury. [Doc. 14]. Therefore, Plaintiff's § 1983 complaint is incomplete. Second, Plaintiff submitted a prisoner application for leave to proceed *in forma pauperis*, but the certificate is incomplete because it is not signed by an authorized institutional officer, and a copy of Plaintiff's inmate account statement is not attached. [Doc. 15]. Plaintiff also failed to include a sworn statement, under penalty of perjury, that jail officials refused to complete the certificate. As a result, this Court has no way to determine whether Plaintiff is entitled to proceed *in forma pauperis* and, if so, no way to determine whether Plaintiff should pay a partial fee as it is required to do under the Prison Litigation Reform Act. Based on these failures, the Magistrate Judge again recommends that the complaint be dismissed for Plaintiff's failure to follow a lawful order of the Court.

In his objections, Plaintiff states that jail officials have continued to obstruct his efforts to prepare his complaint and *in forma pauperis* affidavit form. However, Plaintiff did file a complaint and an *in forma pauperis* affidavit, and nothing that jail officials did or could have done would have prevented him from properly completing his complaint or including a sworn statement to the effect that jail officials would not

provide him with his account statement and balance.  Accordingly, this Court agrees with the Magistrate Judge that this action should be dismissed.  Accordingly, this Court hereby **ADOPTS** the R&R, [Doc. 9], as the order of this Court, and the instant action is **DISMISSED WITHOUT PREJUDICE** because of Plaintiff's failure to comply with a lawful order of the Court pursuant to Local Rule 41.3(A)(2) (N.D. Ga.). Dismissal of this action without prejudice does not prevent Plaintiff from raising his claims in a new complaint.

    **IT IS SO ORDERED**, this 6th day of July, 2020.

_____
**AMY TOTENBERG**
**UNITED STATES DISTRICT JUDGE**

AO 72A (Rev.8/82)